MICHAEL LIENAU,

      Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA and UNUM GROUP CORP.,

      Defendants.

Civil Action No. 1:26-cv-157

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, Michael Lienau, and makes the following representations to the

Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability

("LTD") benefits due under an employee benefits plan, and for Defendants' other violations of the

Employee Retirement Income Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. §

1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as

defined by ERISA, 29 U.S.C. § 1001 et seq., and the subject Employee Welfare Benefit Plan

constitutes a "plan under ERISA."

2.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor

regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal

appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this

matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Michael Lienau, (hereinafter "Plaintiff"), was at all relevant times, and is currently a resident of Manitowoc County, Wisconsin.

5. Defendant Unum Life Insurance Company of America ("Unum Life") is the underwriter of group LTD insurance policy number 941311, issued to Plaintiff's former employer, Sargento Foods Inc., and is the party obligated to pay benefits and to determine eligibility for LTD benefits under the Plan.

6. Unum Life is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

7. Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life.

8. Defendant Unum Group exercises significant control over the policies and actions of Defendant Unum Life.

9. Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life.

10. Defendant Unum Group may be served with process by and through its registered agent for service, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

## FACTS

11. Plaintiff was employed by Sargento Foods Inc. as Maintenance Mechanic.

2

12.     Sargento Foods Inc. maintained an LTD benefits plan ("the Plan") for the benefit of its employees.

13.     LTD benefits under the Plan were funded by Unum Life policy number 941311.

14.     Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides LTD benefits under the Plan.

15.     Plaintiff ceased work due to a disability on October 18, 2024, while covered under the Plan.

16.     Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

17.     Plaintiff timely filed an application for STD benefits under the Plan.

18.     Defendants approved that application, and paid benefits from October 21, 2024, through April 2, 2025.

19.     In its July 31, 2025 letter, Defendants denied Plaintiff's claim for LTD benefits, stating that he could perform his own occupation as of April 3, despite his medical condition.

20.     Also in that letter, Defendant determined that Plaintiff's occupation only required Medium strength, as that term is defined in the Dictionary of Occupational Titles (DOT), despite his employer describing the occupation as Heavy, Plaintiff performing the occupation as Heavy, and the DOT classifying it as Heavy.

21.     Plaintiff filed a timely appeal, enclosing with it evidence supporting his claim for disability benefits, including medical records, a medical opinion from his treating cardiologist, a medical opinion from his treating ophthalmologist, a medical opinion from his primary care provider, and sworn declarations, all of which confirmed he could not perform even Medium Strength work.

3

22. He also submitted a vocational opinion from Joseph Atkinson, CRC, confirming he could not perform his occupation and that his occupation was performed in the national economy as Heavy. Mr. Atkinson also noted that Plaintiff had an implantable cardioverter defibrillator (ICD) and that his occupation involves proximity to motors, high-current circuits, and electromagnetic sources that are dangerous to him.

23. Unum reviewed this evidence and wrote to Plaintiff stating that it did not plan to overturn its decision, attaching a medical opinion from a hired physician stating that Plaintiff could perform a medium occupation despite his heart condition and that his impaired vision only began affecting him after he was terminated.

24. Unum also provided a vocational opinion re-affirming that it believed Plaintiff's occupation should be re-classified as Medium strength.

25. Plaintiff responded to this new evidence on March 11, providing a detailed letter explaining why Unum's rationales were incorrect and submitting additional evidence, including an addendum report from Mr. Atkinson, who explained that Unum's vocational consultant's reasoning was based on irrelevant and unfinished data, and was also illogical and inconsistent with how the Plaintiff's occupation is generally performed.

26. Plaintiff also submitted a detailed letter from his ophthalmologist, Dr. Wicklund, explaining how his visual impairment affects his ability to perform his occupation and in fact makes it dangerous for him to perform it.

27. Unum reviewed this new evidence, but again wrote to Plaintiff stating they planned to deny his claim, doubling down on its position that his job is not Heavy as he performed it or as it is defined by the Department of Labor, but instead is medium. Unum also discounted his visual impairment based on the inference that, because he had been able to

perform his occupation for a period after his ocular stroke without injury, it must be safe for him to continue to do so.

28.     That being said, Unum's vocational consultant admitted that "[i]ndustrial machinery repair typically involves proximity to motors, welders, high-current circuits, and electromagnetic sources. These conditions present a known risk of EMI, potentially altering ICD function or causing inappropriate shocks." But despite acknowledging this risk and that Plaintiff had an ICD, Unum's vocational consultant sidestepped the known danger by noting that no Unum doctor had ascribed a "specific restriction and limitation" related to the ICD.

29.     This time, Unum gave Plaintiff only one day to respond, unless Plaintiff agreed to give Unum a second extension not provided for under ERISA's regulations (The ERISA Regulations allow administrators only one extension and, even then, only if necessitated by unusual circumstances).

30.     Plaintiff responded the next day, noting that Unum's vocational consultant's admission about the inherent danger of having an ICD when performing industrial machinery repair confirmed his eligibility for benefits and asking Unum to approve the claim promptly.

31.     Plaintiff also noted how Unum's other rationales were legally insupportable and had been repeatedly rejected by courts.

32.     Despite this, Unum issued its final denial in a letter dated April 23, 2026.

33.     This letter confirmed the Plaintiff had exhausted his administrative remedies and had a right to bring a lawsuit under ERISA § 502(a) to challenge the denial of his benefits.

34.     Plaintiff has exhausted his required administrative remedies with respect to the LTD claim.

35. The STD and LTD Plans do not contain an appropriate grant of discretion to Unum, therefore the Court should review Unum decision under the de novo standard of review.

36. The entities that made the decisions to deny benefits would pay any benefits due out of their own funds.

37. The entities that made the decisions to deny benefits were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

38. The entities that made the decisions to deny benefits allowed their concern over their own funds to influence their decision-making.

39. The Defendants' decision-making process violated ERISA by failing to give the Plaintiff a full and fair review of the claim.

40. The Defendants' decision-making process violated the terms of the applicable ERISA Plans and ERISA law and regulations.

41. The Defendants' decision to deny benefits was wrong under the terms of the Plan and under ERISA, and was arbitrary and capricious.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**FOR PLAN BENEFITS AGAINST THE DEFENDANT**</u>
<u>**PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**</u>

PLAINTIFF incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

42. Under the terms of the Plan, Defendants agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

43. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

44. Defendants failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

6

45.    The decisions to terminate benefits were wrong under the terms of the Plan.

46.    The decisions to terminate benefits and decision-making processes were arbitrary and capricious.

47.    The decisions to deny benefits were not supported by substantial evidence in the record.

48.    As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

49.    As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action**:

1.    A finding in favor of Plaintiff against Defendants;

2.    Damages in the amount equal to the disability income benefits to which he was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.    Prejudgment and postjudgment interest;

4.    An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5.    An Order requiring Plan or appropriate Plan fiduciary to provide Plaintiff with any other employment benefits to which he would be entitled pursuant to a finding that he is

7

disabled under the Plan or under any other employee welfare benefit plan;

6. Plaintiff's reasonable attorney fees and costs; or

7. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Dated this 8th day of June, 2026.

Respectfully submitted,

PATHFINDER DISABILITY LAW, PLLC
ATTORNEYS FOR PLAINTIFF

BY: /s   Hudson T. Ellis
Hudson T. Ellis (BPR #28330)
300 Lynncrest Dr.
Chattanooga, TN 37411
P: (423) 803-5921
F: (828) 445-1581